

DA 11-0698

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 202N

IN RE THE MARRIAGE OF:
S.M.J.,

        Petitioner and Appellee,

   and

T.I.J.,

        Respondent and Appellee,

   and

J.W.,

        Intervener and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. ADR-09-284
                    Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Jeffrey S. Ferguson, Attorney at Law, Great Falls, Montana

        For Appellee:

                Barbara E. Bell, Marra, Sexe, Evenson & Bell, P.C., Great Falls, Montana

                                 Submitted on Briefs:  July 25, 2012

                                        Decided:  September 11, 2012

Filed:

                          _____
                                      Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     This is the second appeal by these parties to this Court. For a full factual recitation, procedural background and legal analysis, see *In re Marriage of Johnson*, 2011 MT 255, 362 Mont. 236, 262 P.3d 1105 (*Johnson I*).

¶3     In summary, in 2005, S.M.J., having dated both T.I.J. and J.W. during the same time frame, became pregnant. She informed both men that either of them could be the father. Shortly thereafter, J.W. ended the relationship, and T.I.J. married S.M.J. C.I.J. was born in December 2005 and T.I.J. immediately took on the responsibilities of fatherhood. In June 2009, S.M.J. and T.I.J. experienced marital difficulties and S.M.J. filed for dissolution. She took the children to Pennsylvania to spend time with her family. While there, she contacted J.W. and she and the child began spending time with him. Subsequently, S.M.J. and T.I.J. reunited and the family returned to Montana.

¶4     J.W. followed S.M.J. and C.I.J. to Montana and intervened in S.M.J.'s dissolution proceeding seeking paternity testing to identify C.I.J.'s biological father. The DNA tests showed J.W. was the child's biological father. J.W. moved for a parenting plan granting him visitation rights. The District Court initially entered a full order denying J.W.'s

motion for an interim parenting plan. However, the court subsequently reversed its decision and granted J.W.'s motion. S.M.J and T.I.J. appealed.

¶5     On appeal, we reversed the District Court and remanded the matter with instructions that the court reinstate its original Findings of Fact, Conclusions of Law and Order regarding Parent/Child Relationship, wherein it denied J.W.'s motion for parental rights and visitation privileges. *Johnson I*, ¶ 25. On remand, the District Court vacated its amended order granting J.W. rights and reinstated its original order denying such rights. J.W. appeals.

¶6     There is nothing in the present record to indicate that our analysis set forth in *Johnson I* was incorrect or inappropriate. We concluded in our earlier Opinion that there was sufficient evidence in the record to support the District Court's original order denying J.W.'s request for parenting rights and visitation. Nothing has changed in C.I.J. or J.W.'s lives to cause us to reconsider this conclusion. S.M.J. and T.I.J., whose dissolution proceeding was dismissed in 2010, continue to provide a stable and loving home for their three children.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. As there was ample evidence to support the District Court's reinstatement of its earlier decision, it was not an abuse of the court's discretion to do so.

## CONCLUSION

¶8     For the foregoing reasons, we affirm the judgment of the District Court.

3

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ BRIAN MORRIS